IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NM CAPITAL LLC, | ) |
| | ) |
| Plaintiff, | ) No. 23 CV 1120 |
| | ) |
| v. | ) Judge Jeffrey I. Cummings |
| | ) |
| FIDELITY AND GUARANTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff NM Capital LLC ("NM Capital") initiated this action against defendant Fidelity and Guaranty Insurance Company ("Travelers"), asserting claims for, *inter alia*, breach of contract and unreasonable and vexatious conduct under 215 ILCS 5/155 ("Section 155") arising out of Travelers' denial of insurance coverage for a fire at plaintiff's property. Travelers has filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's Section 155 claim, (Dckt. #10). For the reasons set forth below, Travelers' motion to dismiss is denied.

**I.  BACKGROUND**

At all relevant times, plaintiff NM Capital was the sole owner of property located at 1637 South State Street, Lockport, Illinois, 60604 (the "insured property"), at which it operates an automobile repair and service shop. (Dckt. #1-1 ¶¶7-8). On September 30, 2020, defendant Travelers issued NM Capital an "All Risk Policy" (the "Policy") for its business with a policy period of October 1, 2020 through October 1, 2021.[1] (*Id*. ¶10). According to plaintiff, the Policy insured the building on a replacement cost basis up to $1,210,000. (*Id*.). The policy provides

---

[1] Plaintiff alleges that the locations and buildings covered by the Policy were the office and detached garage at 1637 South State Street, Lockport, IL, and a second location at 1600 South State Street, Lockport, IL. (Dckt. #1-1 ¶10).

coverage for direct physical loss of or damage to the insured property, as well as loss of business income, for any covered loss, but excludes coverage caused by or resulting from "wear and tear." (*Id*. ¶¶17, 20).

On January 20, 2021, the insured property and some of its contents were damaged by an electrical fire. (*Id*. ¶11). According to the Lockport Fire Department incident report, the electrical fire that damaged the insured property was the result of a car hauler pulling down the primary power lines from an adjacent residence, which affected multiple other lines including those connected to the insured property. (*Id*. ¶12; *see also* Dckt. #10-1 at 5 (Lockport Fire Department Incident Report)).[2] The electric current then "backfed" into the insured property causing "conduit and lines to become very hot." (Dckt. #1-1 ¶12, #10-1 at 5). One of the investigating firemen explained in the report that he "could smell wires getting hot and start[ed] to see light smoke." (Dckt. #1-1 ¶12, #10-1 at 5). As a result, the building department was called to inspect the electrical system. (Dckt. #1-1 ¶12). The building inspector "shut down the business" until the necessary repairs could be made. ComEd also arrived and disconnected the power to the building and removed the electrical meter. (*Id*; Dckt. #10-1 at 5-6).

According to plaintiff, notwithstanding the Fire Department's incident report, Travelers "set up a pretext to deny this covered loss." (Dckt. #1-1 ¶13). Specifically, plaintiff alleges that on April, 2, 2021, Travelers issued NM Capital a denial of coverage letter, which provided:

> We inspected the damages with you on 2/29/2021. Our research found that the affected transformer does not service the insured location and that the only damage

---

[2] Although plaintiff quotes the Lockport Fire Department's incident report in its complaint, it did not attach the report to the complaint. Instead, Travelers attached the report to its motion to dismiss. Because plaintiff referred to the incident report and it is central to the complaint, the Court can consider the report in ruling on the instant motion. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) ("It is well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim") (cleaned up); *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017) (same).

> observed was related to wear and tear. Since the policy excludes wear and tear and provides coverage for direct physical damage by a covered loss and no such [damage] occurred, your policy does not provide coverage.

(*Id*.). Plaintiff alleges that Travelers' coverage position "was a pretext used to deny the claim rejecting the obvious fact that the transformer serviced the insured location and that an electrical fire caused the damage." (*Id*. ¶14).

Plaintiff further alleges that on May 3, 2021, its own electrician issued a report of its investigation, which stated:

> I inspected the breaker panel in the front office and found the main feeder conductors at the main breaker and the neutral were burned and the insulation was melted in multiple locations. The grounding electrode conductor, in the same panel, showed the same signs of burning and discoloration. These conditions are consistent with crossing phases and or direct shorting with a neutral wire or ground. I also reviewed the fire department report which stated that a car hauler pulled down the primary power lines to an adjacent residence on 1/[20]/21 and according to the fire department, the electric current back fed into your building.
>
> All other areas of the panel are in good working condition and show no signs of overuse. All equipment appears to have been installed properly as required by local code. All terminals and wire connections are tight and per manufacturers specifications.

(Dckt. #1-1 at ¶15). Plaintiff's electrician further found that "[i]t is also clear in my opinion that the damage was not caused by wear and tear." (*Id*. ¶16).

As a result of Travelers' "wrongful denial of coverage," plaintiff incurred $65,097.50 in costs to repair and replace the damaged property and lost over $200,000 in business income during the "three months it took [Travelers] to investigate the loss." (Dckt. #1-1 at ¶21). In its three-count complaint, plaintiff brings claims for breach of contract (Count I), unreasonable and vexatious conduct under 215 ILCS 5/155 (Count II), and seeks prejudgment interest on any

judgment ultimately awarded (Count III).³ Travelers now seeks to dismiss Count II under Rule 12(b)(6).

## II.  LEGAL STANDARD

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While the required level of specificity is not easily quantified,' a plaintiff must allege 'enough details about the subject-matter of the case to present a story that holds together." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021) (cleaned up). Pleading only "labels and conclusions" or only "a formulaic recitation of the elements of a cause of action" will not suffice, nor will pleading facts that are "merely consistent" with a defendant's liability. *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 557.

Finally, the Court construes "the complaint in the light most favorable to the plaintiff[ ], accepting as true all well-pleaded facts and drawing reasonable inferences in the plaintiff[']s favor." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). However, the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Id*.

## III.  ANALYSIS

In its partial motion to dismiss, Travelers asks the Court to dismiss plaintiff's Section 155 claim for vexatious and unreasonable conduct, arguing that plaintiff has failed to allege sufficient factual matter to support such a claim. Travelers further contends that the Court must dismiss

---

³ Plaintiff initially filed case in the Circuit Court of Cook County, after which defendant removed it to this Court pursuant to 28 U.S.C. §1441. The Court has jurisdiction pursuant to 28 U.S.C. §1332.

the Section 155 claim because the record reflects there is a bona fide dispute regarding the cause of the fire and, in turn, coverage. Plaintiff responds, (Dckt #18), that it has pled sufficient facts to support its Section 155 claim and the Court agrees.

      **A.    Plaintiff has properly stated a claim for vexatious and unreasonable conduct under Section 155.**

Under Section 155 of the Illinois Insurance Code, an insured may recover attorney's fees and costs "when the insurer's denial of coverage or delay in payment is 'vexatious and unreasonable.'" *TKK USA, Inc. v. Safety Nat. Cas. Corp.*, 727 F.3d 782, 793 (7th Cir. 2013); 215 ILCS 5/155. As courts have recognized, Section 155 is "designed to provide an extracontractual remedy to 'insureds who encounter unnecessary difficulties resulting from an insurance company's unreasonable and vexatious refusal to honor its contract with the insured.'" *Sutherland-Garnier Funeral Home, Inc. v. State Auto Prop. & Cas. Ins. Co.*, No. 3:23-CV-1501-MAB, 2023 WL 8715859, at *2 (S.D.Ill. Dec. 18, 2023), *quoting First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 807 (7th Cir. 2002) (citation omitted). To prevail on a claim under Section 155, the insured must show "that the insurer's behavior was willful and without reasonable cause." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). An insurer's actions are not vexatious and unreasonable, however, when "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Id*. (internal citations omitted). "Whether an insurer acted unreasonably or vexatiously presents an issue of fact . . . requiring courts to consider the totality of circumstances." *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007) (citations omitted).

To properly state a claim under Section 155 then, a plaintiff must allege some facts in support of [its] allegations that the defendant acted unreasonably or vexatiously in denying the claim." *Felsenthal v. Travelers Prop. Cas. Ins. Co.*, No. 12 C 7402, 2013 WL 1707931, at *4 (N.D.Ill. Apr. 19, 2013). "Simply pleading that [the defendant] knowingly and intentionally refused to provide insurance coverage and that [the defendant's] refusal 'was and continues to be vexatious and unreasonable,' without some modicum of factual support, is insufficient to plausibly suggest that [the plaintiff] is entitled to relief under the statute." *Kondaur Cap. Corp. v. Stewart Title Co.*, No. 11 C 7038, 2012 WL 367054, at *5 (N.D.Ill. Feb. 2, 2012), *quoting Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D.Ill. Sept.10, 2007).

Here, viewing all facts and drawing all inferences in plaintiff's favor, the Court finds that plaintiff has pled sufficient facts to properly state a claim under Section 155. First, beyond simply alleging that Travelers engaged in "vexatious and unreasonable conduct" when denying coverage – which the Court agrees would be insufficient to state a claim, *see Leonard S. v. Health Care Serv. Corp.*, No. 22 CV 6038, 2023 WL 7182988, at *3 (N.D.Ill. Nov. 1, 2023), plaintiff provides the additional requisite "modicum of factual support" for its claim. Again, as described above, *supra* at Section I, plaintiff alleged that Travelers established a pretext for denying coverage when – in the face of the Fire Department's incident report – it "denied the Fire Department['s] finding that the transformer served the insured location and wrongly found that the fire damage to the property was not caused by fire but was the result of wear and tear." (Dckt. #1-1 ¶13). Plaintiff goes on to allege that its own electrician subsequently inspected the breaker panel and found no evidence of wear and tear, (*Id*. ¶¶15-16). Relying on all of these facts, plaintiff alleges in Count II that Travelers engaged in vexatious and unreasonable conduct

6

when it, *inter alia*, failed to assert a bona fide coverage dispute or legitimate policy defense, forced plaintiff to file suit, knowingly misrepresented factual issues relating to coverage, and deprived plaintiff of the use of its property. (*Id*. ¶30).

At a minimum, these facts – which, contrary to Travelers' contention, go beyond simply copying and pasting the insurance code, (*see* Dckt. #19 at 5) – are sufficient to plead a claim under Section 155 and place Travelers "on notice for precisely what behavior it alleges constituted unreasonable and vexatious behavior." *2 Lemoyne Parkway Condo. Ass'n v. Travelers Cas. Ins. Co. of Am.*, No. 23-CV-2130, 2024 WL 22234, at *23 (N.D.Ill. Jan. 2, 2024); *see also Sutherland*, 2023 WL 8715859, at *3 (denying motion to dismiss where plaintiff "pleaded facts (albeit in a general fashion)" regarding the insurer's actions that it deemed vexatious); *Souza v. Erie Ins. Co.*, No. 22-CV-3744, 2023 WL 4762712, at *7 (N.D.Ill. July 25, 2023) (finding that although "sparse," plaintiff supported its allegations of vexatious conduct with specific examples"); *Tower Crossing Condiminium Ass'n, Inc. v. Affiliated FM Ins. Co.*, No. 21-CV-06228, 2023 WL 1069852, at *5 (N.D.Ill. Jan. 27, 2023) (denying dismissal where plaintiff described the "the alleged acts demonstrating vexatious and unreasonable conduct.").[4]

Moreover, Travelers' contention that there is a bona fide dispute regarding coverage which precludes plaintiff's Section 155 claim – because, in its view, "there was not even a fire!" – is premature. (Dckt. #10 at 9). As courts have explained, the "questions of whether a bona

---

[4] This case is distinguishable from the cases cited by Travelers. For example, in *Kondaur Cap. Corp. v. Stewart Title Co.*, No. 11 C 7038, 2012 WL 367054, at *5 (N.D.Ill. Feb. 2, 2012), the court dismissed a Section 155 claim where plaintiff "offer[ed] no factual support whatsoever in support of its conclusion" that the insurer acted vexatiously and unreasonably. *See also Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *4 (N.D.Ill. Sept. 10, 2007) (dismissing Section 155 claim that "fail[ed] to allege facts that plausibly suggest [the insurer's] conduct was vexatious and unreasonable.").

fide dispute exists or whether the claim presents a genuine legal or factual issue regarding coverage are fact-specific inquiries" best decided on the merits after the evidence is fully developed. *Sutherland-Garnier*, 2023 WL 8715859, at *4 (stating further that "the Court does not have the evidence necessary to consider the totality of the circumstances and cannot decide at this stage whether the dispute is bona fide or not."); *see also Souza*, 2023 WL 4762712, at *8 ("[C]ourts routinely decline to dismiss claims based on the existence of a bona fide dispute at the motion to dismiss stage, before the court has the benefit of all the evidence."); *Strategic Cap. Bancorp, Inc. v. St. Paul Mercury Ins. Co.*, No. 10–CV–2062, 2014 WL 562970, at *6 (C.D.Ill. Feb. 13, 2014) (concluding that even if the insurer "ultimately ha[d] the winning argument that a Section 155 award [was] unwarranted" it was "too early" to determine whether the insurer's coverage position was based on a bona fide dispute). Thus, as Travelers itself appears to acknowledge, the issue of whether there was a bona fide dispute regarding coverage is "for another day." (Dckt. #10 at 5).

## CONCLUSION

For the foregoing reasons, plaintiff has pled sufficient facts to support a claim under Section 155, and defendant's motion to dismiss Count II, (Dckt. #10), is denied.

**DATE: May 31, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**

!